UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ALVIN PINTOR,
individually and on behalf of
all others similarly situated,

      Plaintiff,                  CASE NO. 17-cv-865

    v.

FALL RIVER GROUP, INC., d/b/a
Fall River Manufacturing Company,

      Defendant.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Alvin Pintor, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendant Fall River Group, Inc., d/b/a Fall River Manufacturing Company. (hereinafter "Fall River") at times since June 21, 2014. Fall River has a common policy and practice of impermissibly rounding the start and end times of its hourly employees' work hours so as to deny such employees for compensation for all hours worked. As a result, Fall River has denied Plaintiff Alvin Pintor and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

2. The Fall River Group, Inc., is a manufacturing organization with expertise in the art of foundering nonferrous alloys for national sale out of its location in Fall River, Wisconsin.

3. Fall River Manufacturing Company is a Division of The Fall River Group, Inc. and is located in Milwaukee, Wisconsin.

4. Plaintiff Alvin Pintor brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Alvin Pintor also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Fall River has substantial and systematic contacts in this district.

## PARTIES

8. Defendant Fall River Group, Inc. is a Wisconsin Corporation with a principal place of business located at 670 S. Main Street, Fall River, Wisconsin 53932-9572. Fall River Manufacturing Company is located at 4160 S. 13th Street, Milwaukee, Wisconsin 53221. Fall River's registered agent for service of process in the State of Wisconsin is Kevin Lamp located at 670 S. Main Street, Fall River, Wisconsin 53932-9572.

9. Plaintiff Alvin Pintor is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Pintor is a former employee of Fall River who worked as a CNC Operator from September 30, 2016 until approximately May 2016. Plaintiff Pintor's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

10. Plaintiff Pintor brings this action individually and on behalf of the Collective Rounding Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Rounding Class** is defined as follows:

> All persons who are or have been employed by Fall River at its Milwaukee, Wisconsin location and who were paid on an hourly basis at any time since June 21, 2014.

11.     Plaintiff Pintor brings this action individually and on behalf of the Wisconsin Rounding Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rounding Class** is defined as follows:

> All persons who are or have been employed by Fall River at its Milwaukee, Wisconsin location and who were paid on an hourly basis at any time since June 21, 2015.

## GENERAL ALLEGATIONS

12.     Plaintiff Pintor and the Collective Rounding Class work, or have worked, for Fall River as hourly employees at times since June 21, 2014.

13.     Plaintiff Pintor and the Wisconsin Rounding Class work, or have worked, for Fall River as hourly employees at Fall River's Milwaukee, Wisconsin location at times since June 21, 2015.

14.     Fall River is a manufacturing organization that produces stainless steel and nonferrous screws, bolts and nuts.

15.     Since June 21, 2014, Plaintiff Pintor, the Collective Rounding Class, and the Wisconsin Rounding Class have been paid on an hourly basis for their work at Fall River's Milwaukee, Wisconsin facility.

16.     Since June 21, 2015, Fall River, Plaintiff Pintor, and the Wisconsin Rounding Class have agreed to specific hourly rates which were to be paid to Plaintiff Pintor and the Wisconsin Rounding Class in exchange for their hours worked workweek for Fall River.

17.     Since June 21, 2014, Fall River has implemented a time clock rounding policy applicable to Plaintiff Pintor, the Wisconsin Rounding Class, and the

Collective Rounding Class where hourly employees' starts and end times for their shifts were rounded in fifteen minute increments.

18. Under Fall River's time clock rounding policy, Fall River rounded its employees start and end times to 15-minute intervals, but not to the nearest 15-minute interval despite the fact that employees performed compensable work during the period of time which was rounded.

19. As an example, under Fall River's impermissible time clock rounding policy, if an employee punched in at 5:02, Fall River would round up to 5:15. If the employee punched in 5:17, Fall River would round up to 5:30.

20. Likewise, under Fall River's impermissible time clock rounding policy, if an employee punched out at 3:07, Fall River would round back to 3:00. If an employee punched out at 3:22, Fall River would round back to 3:15.

21. Since June 21, 2014, Fall River has suffered or permitted Plaintiff Pintor to regularly work more than forty hours during workweeks in which Fall River applied its time clock rounding policy.

22. Since June 21, 2014, Fall River has suffered or permitted the Collective Rounding Class and the Wisconsin Rounding Class to work more than forty hours during workweeks in which Fall River applied its time clock rounding policy.

23. As a result of applying this time clock rounding policy, Fall River improperly denied Plaintiff Pintor, the Collective Rounding Class, and the Wisconsin Rounding Class of compensation at one and one-half times their

respective regular rates for hours worked in excess of forty in many workweeks since June 21, 2014.

24.     Since June 21, 2014, Fall River's application of its time clock rounding policy resulted in employees, including Plaintiff Pintor, the Collective Rounding Class, and the Wisconsin Rounding Class being suffered or permitted to perform work for Fall River without compensation at their agreed-upon hourly rates.

25.     Fall River's impermissible time clock rounding policy consistently operated to the disadvantage of Fall River's employees.

26.     Fall River's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Pintor, the Collective Rounding Class, and the Wisconsin Rounding Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27.     Plaintiff Pintor and the Collective Rounding Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Fall River's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Pintor as stated herein are the same as those of the Collective Rounding Class.

28.     The FLSA Section 216(b) Collective Rounding Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Fall River. Notice can be provided to the Collective Rounding Class via first class mail to the

last address known to Fall River and through postings at Fall River's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

29. Plaintiff Pintor brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rounding Class for violations occurring on or after June 21, 2015 (the "Wisconsin Rounding Class Period").

30. The proposed Wisconsin Rounding Class' members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Fall River, upon information and belief, there are at least 40 members in the Wisconsin Rounding Class.

31. Plaintiff Pintor's claims are typical of those claims that could be alleged by any member of the Wisconsin Rounding Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rounding Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Fall River and Fall River benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Rounding Class. Plaintiff Pintor and the other members of the Wisconsin Rounding Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

32. Plaintiff Pintor is able to fairly and adequately protect the interests of the Wisconsin Rounding Class, has no interests antagonistic to the Wisconsin Rounding Class, and has retained counsel experienced in complex wage and hour class action litigation.

33. These are questions of fact and law common to the Wisconsin Rounding Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Fall River's actions include, without limitation, the following:

a) Whether Fall River's rounding policy violated Wisconsin's wage laws;

b) Whether Fall River failed to pay the Wisconsin Rounding Class for all work Fall River suffered or permitted Plaintiff Pintor and the Wisconsin Rounding Class to perform; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

34. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

35. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

36. Plaintiff Pintor, individually and on behalf of the Collective Rounding Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

37. Since June 21, 2014, Plaintiff Pintor and the Collective Rounding Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.*

38. Since June 21, 2014, Fall River has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

39. Since June 21, 2014, Plaintiff Pintor and the members of the Collective Rounding Class have been employees within the meaning of 29 U.S.C. § 203(e).

40. Since June 21, 2014, Fall River has been an employer of Plaintiff Pintor and the Collective Rounding Class as provided under 29 U.S.C. § 203(d).

41. Since June 21, 2014, Fall River has violated the FLSA by failing to pay overtime compensation due to Plaintiff Pintor and the Collective Rounding Class for each hour worked in excess of forty hours in any given workweek.

42. Plaintiff Pintor and the Collective Rounding Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Fall River acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

43. Alternatively, should the Court find that Fall River did not act willfully in failing to pay overtime premium wages, Plaintiff Pintor and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

44. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

**SECOND CLAIM FOR RELIEF**
**<u>Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime</u>**

45. Plaintiff Pintor, individually and on behalf of the Wisconsin Rounding Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

46. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

47. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

48. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

49. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

50. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

51. Since June 21, 2015, Fall River was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

52. Since June 21, 2015, Fall River was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

53. Since June 21, 2015, Fall River was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

54. Since June 21, 2015, Fall River was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

55. Since June 21, 2015, Fall River was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

56. Since June 21, 2015, Fall River has employed, and/or continues to employ Plaintiff Pintor and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

57. Since June 21, 2015, Fall River has employed, and/or continues to employ Plaintiff Pintor and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

58. Since June 21, 2015, Fall River has employed, and/or continues to employ Plaintiff Pintor and the Wisconsin Rounding Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

59. Since June 21, 2015, Fall River has employed, and/or continues to employ Plaintiff Pintor and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

60. Since June 21, 2015, Fall River has employed, and/or continues to employ Plaintiff Pintor and the Wisconsin Rounding Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

61. Since June 21, 2015, Plaintiff Pintor and the Wisconsin Rounding Class regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

62. Since June 21, 2015, Fall River had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rounding Class overtime wages for all hours worked in excess of forty hours in a given workweek.

63. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

64. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime, and agreed upon wages.

65. As set forth above, Plaintiff Pintor and the Rounding Class have sustained losses in their compensation as a proximate result of Fall River's violations. Accordingly, Plaintiff Pintor, individually and on behalf of the Wisconsin Rounding Class, seeks damages in the amount of their respective unpaid

compensation, injunctive relief requiring Fall River to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

66. Under Wis. Stat. §109.11, Plaintiff Pintor and the Wisconsin Rounding Class may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

67. Plaintiff Pintor, individually and on behalf of the Wisconsin Rounding Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Fall River, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Pintor, individually and on behalf of all members of the Collective Rounding Class and the Wisconsin Rounding Class hereby requests the following relief:

   a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Rounding Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

   b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rounding Class;

   c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

   d) An order designating Plaintiff Alvin Pintor as the Named Plaintiff and as representative of the Wisconsin Rounding Class set forth herein;

   e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Fall River's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Fall River violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Fall River in the amount equal to the Plaintiff's, the Collective Rounding Class', and the Wisconsin Rounding Class' unpaid wages at the applicable agreed-upon wage, overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 21st day of June, 2017.

Respectfully submitted,

*s/ Larry A. Johnson*
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com

smurshid@hq-law.com
tmaynard@hq-law.com